**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  16-10236 |
| Plaintiff-Appellee, | D.C. No. 4:15-cr-00197-JD-1 |
| v. | |
| TONY MILLER, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Argued and Submitted July 13, 2017
San Francisco, California

Before:  BEA and N.R. SMITH, Circuit Judges, and ROBRENO,[**] District Judge.

Following a stipulated-facts bench trial, Tony Miller was convicted of being

a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  Miller

appeals the district court's denial of his motion to suppress evidence. We affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Eduardo C. Robreno, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

First, the officers' search of the Nissan in which Miller was sitting when the officers encountered him was reasonable, because the governmental interests in searching Miller's seat in the car outweighed his expectation of privacy. *Samson v. California*, 547 U.S. 843, 848 (2006). On one hand, the government had significant interests in conducting the search: countering recidivism among individuals who previously have been convicted of crimes, both to protect the public from additional crimes committed by recidivists, and to reintegrate into society individuals who have been convicted of crimes. *See* Cal. Penal Code § 3450(b); *see also* Cal. Penal Code § 17.5, 17.7.

On the other hand, Miller had a low expectation of privacy. As a person on Postrelease Community Supervision ("PRCS"), Miller was subject to a mandatory search condition that permitted the officers to perform a warrantless search of his possessions. *See* Cal. Penal Code § 3453(f) ("The person, and his or her residence and possessions, shall be subject to search at any time of the day or night, with or without a warrant, by an agent of the supervising county agency or by a peace officer."). Moreover, California regulation requires that persons subject to PRCS be advised, "You, your residence, and any other property under your control may be searched without a warrant day or night by an agent of the supervising county, any peace officer, or law enforcement officer." Cal. Code Regs. tit. 15, §

2

3075.2(b)(5)(A) (incorporating CDCR Form 1515-CS (Rev. 08/12) by reference). Upon being released under PRCS, inmates are required to sign CDCR Form 1515-CS, which advises them of this search condition. Although a CDCR Form 1515-CS signed by Miller is not in the record, Miller does not claim he did not sign the form.

A warrantless search condition alone, even in the absence of reasonable suspicion of criminal wrongdoing, is enough to justify a warrantless search of a parolee. *See Samson*, 547 U.S. at 850. California appellate courts have likened PRCS to parole. *See People v. Douglas*, 240 Cal. App. 4th 855, 864 (2015), a*s modified on denial of reh'g* (Oct. 19, 2015); *People v. Jones*, 231 Cal. App. 4th 1257, 1266 (2014). On the continuum of state-imposed punishments, "parolees have fewer expectations of privacy than probationers, because parole is more akin to imprisonment than probation is to imprisonment." *Samson*, 547 U.S. at 850. Therefore, Miller's expectation of privacy was low, akin to a parolee's expectation of privacy.

The officers knew that Miller was subject to a search condition. Both officers filed declarations stating that they knew that Miller was on PRCS. Because he was on PRCS, Miller was subject to a mandatory search condition. *See* Cal. Penal Code § 3453(f).

Moreover, Miller's search condition authorized search of property under his control. *See* Cal. Code Regs. tit. 15, § 3075.2(b)(5)(A) ("You, your residence, and any other *property under your control* may be searched without a warrant day or night by an agent of the supervising county, any peace officer, or law enforcement officer." (incorporating CDCR Form 1515-CS (Rev. 08/12) by reference) (emphasis added)). Although Miller did not own the Nissan, it was under his control at the time of the search.

Second, the officers had the authority to detain Miller in order to accomplish the search of his person and the property under his control. *Muehler v. Mena*, 544 U.S. 93, 98 (2005). The officers' handcuffing of Miller and his placement in the back of the patrol car were reasonable measures that did not convert his detention into an arrest. *See Halvorsen v. Baird*, 146 F.3d 680, 685 (9th Cir. 1998). The concern for officer and civilian safety as well as the possibility that Miller posed a flight risk justified these measures. *See Bailey v. United States*, 568 U.S. 186, 194-99 (2013); *Michigan v. Summers*, 452 U.S. 692, 704-05 (1981).

**AFFIRMED.**